UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 24
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Michael A. Leon, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 13 0100
)
Ogletree, Deakins, Nash, Smoak & )
Stewart, P.C., *et al.*, )
)
    Defendants. )
)

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a resident of Tucson, Arizona, suing a professional corporation in South Carolina and the United States. Compl. at 1. Plaintiff sues defendants for intentional infliction of emotional distress, negligent infliction of emotional distress, and slander. *Id.* at 8-10. With respect to the private defendants, plaintiff has not pleaded an amount in controversy to bring this

case within the Court's diversity jurisdiction. With respect to the United States, plaintiff invokes the Federal Tort Claims Act ("FTCA"), Compl. ¶ 1, but he has not indicated that he exhausted his administrative remedies under the FTCA by "first present[ing] the claim to the appropriate Federal agency." 28 U.S.C. § 2675. Plaintiff's failure to exhaust his claim under the FTCA deprives this Court of subject matter jurisdiction. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."); *accord Jones v. U.S.*, 296 Fed. Appx. 82, 83 (D.C. Cir. 2008) (per curiam). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

DATE: January 18, 2013